IOU Central

Print

# Personal Guaranty Agreement

Created on: Nov-26-2018 06:20PM

**IOU CENTRAL INC.**

**PERSONAL GUARANTY**

This Guaranty is effective on the Effective Date set forth below when received by IOU Central Inc. 600 TownPark Lane, Suite 140 Kennesaw, GA 30144 ("Lender") at its offices.

**Guarantor Name:** MONTY MERRILL

**Guarantor Address:** 218 GEDDINGTON SHAVANO PARK, TEXAS, 78249

**Guarantor Home Phone:** ▮▮▮▮▮▮

**Guarantor Cell Phone:** ▮▮▮▮▮▮

**Guarantor Email:** montymerrill@clearwatertransportation.net

**Borrower Whose Commercial Loan Obligation is Guaranteed:** CLEARWATER TRANSPORTATION, LTD.

**Commercial Promissory Note Number:** 

**Original Principal Amount of Guaranteed Debt:** $275,000.00

**Effective Date of Guaranty:** Nov-26-2018

This Guaranty governs the terms and conditions of Guarantor's guaranty of the Commercial Loan obtained by Borrower from Lender. Guarantor understands that Lender, or anyone who takes assignment of the Promissory Note for Commercial Loan ("Note") evidencing Borrower's obligation to Lender, may enforce this Guaranty. For convenience, Lender and any assignee of the Note and this Guaranty are referred to herein as "Lender."

If Borrower defaults on its obligations, and you fail to pay the Guaranteed Debt upon demand, your default under this Guaranty may become a part of your consumer report file.


DEFENDANT'S EXHIBIT A

BY SIGNING BELOW, GUARANTOR AGREES TO BE BOUND BY THE TERMS OF THIS GUARANTY

Signature:

Date: Nov-26-2018

## 1. GUARANTEED DEBT

Guarantor agrees that the Guaranteed Debt shall consist of all amounts owed by Borrower under the Note, including: (i) the Principal amount; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (vii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any arbitration proceeding to enforce the Note against Borrower.

## 2. UNCONDITIONAL GUARANTY

In consideration of the loan made by Lender to Borrower, Guarantor hereby absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand. This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that might otherwise constitute a defense to this Guaranty. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt.

## 3. CONTINUING GUARANTY

This Guaranty is a continuing and irrevocable guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, successors and assigns, provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assigns.

## 4. SUBORDINATION OF BORROWER OBLIGATIONS TO GUARANTOR

Guarantor subordinates the payment of all obligations and indebtedness of Borrower owing to Guarantor, whether now existing or hereafter arising, to the payment in full of the Guaranteed Debt to Lender. In the event that acceleration under the Note is stayed, upon the insolvency or bankruptcy of Borrower, or otherwise, the Guaranteed Debt shall nonetheless be immediately payable by Guarantor upon Lender's demand.

## 5. GUARANTOR'S WAIVER OF SUBROGATION RIGHT

Guarantor hereby waives, and agrees not to exercise, any right of subrogation, contribution or similar rights with respect to any payments Guarantor is obligated to make under this Guaranty until the

entire Guaranteed Debt, and any amounts payable under this Guaranty, are paid in full. Any amounts paid to Guarantor by Borrower in violation of the foregoing limitation will be held, in trust, by Guarantor for Lender's benefit and shall be immediately paid to Lender to reduce the amount of the Guaranteed Debt, whether matured or unmatured.

## 6. GUARANTOR FINANCIAL INFORMATION

Until the Guaranteed Debt is paid in full, Guarantor will promptly furnish to Lender any and all financial, or other information, regarding Guarantor or Guarantor's assets and property, whether personal or real, as Lender may request in writing.

## 7. LENDER'S COSTS AND EXPENSES OF ENFORCING THIS GUARANTY

Guarantor shall pay, on demand, all costs and expenses of Lender including, but not limited to, attorneys' fees and arbitration costs, in any way relating to the enforcement or protection of Lender's rights under this Guaranty. Guarantor's obligations under the preceding sentence will survive termination of this Guaranty.

## 8. WAIVER OF NOTICES

Guarantor waives notice of the acceptance of this Guaranty and of the extension or continuation of the Guaranteed Debt or any part thereof. Guarantor further waives presentment, protest, or demand.

## 9. WAIVER OF REQUIREMENT THAT LENDER FIRST SEEK COLLECTION FROM BORROWER

GUARANTOR WAIVES ANY REQUIREMENT THAT LENDER FIRST SEEK PAYMENT FROM OR COLLECTION AGAINST BORROWER, OR OTHERWISE EXHAUST ANY RIGHT OR REMEDY, OR TO TAKE ANY OTHER ACTION AGAINST BORROWER, BEFORE EXCERCISING AND ENFORCING ITS RIGHTS UNDER THIS GUARANTY. TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW, GUARANTOR FURTHER WAIVES ANY RIGHT TO SERVE NOTICE ON LENDER REQUIRING LENDER TO TAKE SUCH ACTIONS.

## 10. BINDING ARBITRATION

Each Party agrees that a "dispute" is any claim in contract, tort, statute or otherwise between Parties, arising out of or relating to the rights and obligations set forth in this Guaranty. "Dispute" includes any disagreement over the interpretation and scope of this agreement to arbitrate, or the arbitrability of the dispute itself. Any dispute shall be resolved by binding arbitration and not by a lawsuit.

Any of the following arbitration organizations may be selected by the Party seeking arbitration and its rules shall apply to the proceeding: the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), or JAMS, 1920 Main St., Ste. 300, Irvine, CA 92614.

(www.jamsadr.com). Each Party acknowledges that it has had an opportunity to review the rules of each organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules.

Each Party will pay its own filing, administration, service or case management fees in relation to the arbitration. Each Party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. The arbitrator's award shall be final and binding on all Parties. Any arbitration under this agreement to arbitrate shall be governed by the Federal Arbitration Act and not by any state arbitration law. This agreement to arbitrate shall survive any termination, payoff or transfer of the rights and obligations set forth in this Agreement. If any part of this agreement to arbitrate is deemed or found to be unenforceable for any reason, the remainder remains enforceable.

## 11. GOVERNING LAW, CHOICE OF FORUM

Guarantor acknowledges that: (i) this Guaranty is effective when received by Lender at its offices in Kennesaw, Georgia; (ii) Lender completed its underwriting process concerning Guarantor at its offices in Kennesaw, Georgia; and (iii) Guarantor's obligation under this Guaranty upon the happening of a Event of Default under the Note, will be deemed satisfied when full payment of the Guaranteed Debt is received by Lender at its offices in Kennesaw, Georgia.

Unless prohibited by applicable law, this Guaranty will be governed by, construed, applied and enforced in accordance with the laws of the State of Georgia without regard to principles of conflicts of law. Any arbitration as provided for in this Guaranty will take place in Kennesaw, Georgia.

## 12. NOTICES

All notices permitted or required under this Guaranty shall be effective only if in writing addressed to the addressee Party. Any changes of address shall be provided promptly to the other Party. Notice shall be deemed to have been given and received when actually received, but in no event later than: (i) the date delivered to the Party by messenger; (ii) one business day after e-mailing; (iii) five business days after mailing within the United States by certified or registered mail; (iv) two business days after the date deposited with an overnight courier for next day delivery; or (v) one business day after transmission by facsimile.

Any notice to Guarantor will be provided at the address, facsimile number, or email address shown at the beginning of this Note. Any notice to Lender will be provided at the address shown in paragraph 2 of this Guaranty or the address of any subsequent assignee of the Note and this Guaranty.

## 13. NO WAIVER OF REMEDIES

No failure by Lender to exercise, and no delay in exercising, any right, remedy or power hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy or power hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

## 14. FINAL AGREEMENT

This Guaranty constitutes the final agreement of Guarantor and Lender with regard to this Guaranty. This Guaranty may not be modified, amended, waived, extended, changed, discharged, or terminated by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing executed by Guarantor and Lender.

## 15. SEVERABILITY

A determination that any provision of this Guaranty is invalid or unenforceable shall not affect the validity or enforceability of any other provision. The remaining provisions of this Guaranty shall remain operative and in full force and effect and shall not be affected by such determination.

## 16. CREDIT REPORTING

Guarantor authorizes Lender to obtain consumer reports on Guarantor at any time before the Note is paid in full. Guarantor acknowledges that its performance and/or default under this Guaranty may be reported by Lender to consumer reporting agencies.

## 17. ELECTRONIC CONTRACTING AGREEMENT

Guarantor agrees that this Guaranty is an electronic record executed using an electronic signature. Guarantor agrees that, by executing this Guaranty with an electronic signature, Guarantor is signifying an intent to enter into this Guaranty and that this Guaranty is legally valid and enforceable in accordance with its terms to the same extent as if it had been executed using Guarantor's written signature.

## 18. NO ASSIGNMENT BY GUARANTOR

Guarantor may not assign obligations under this Guaranty without Lender's written agreement.

## 19. NOTICE TO GUARANTOR

By executing this Guaranty you will be required to pay the Guaranteed Debt described above if Borrower defaults on its obligation under the Note. You should consider this undertaking carefully and should consider consulting with counsel before executing this Guaranty. If Borrower does not pay the Guaranteed Debt, you must do so.

You are advised that Lender may collect the Guaranteed Debt from you without first trying to collect the Guaranteed Debt from Borrower. Lender may use the same collection methods against You as may be used against Borrower including, but not limited to, pursuing recovery through binding arbitration, enforcing the arbitrator's award in a court of competent jurisdiction to recover the Guaranteed Debt through garnishment or other permitted processes or methods.

Copyright © 2019 IOU Financial inc. All rights reserved.